# DOW CORNING CORPORATION, Plaintiff,

v.

# GENERAL ELECTRIC COMPANY, Defendant.

## No. 78–CV–190.

United States District Court, N. D. New York.

Nov. 14, 1978.

Merrian, Marshall & Bicknell, Chicago, Ill., Dugan, Lyons, Pentak, Brown & Tobin, Albany, N. Y., for plaintiff; William A. Marshall, Carl E. Moore, Jr., Chicago, Ill., Edwin J. Tobin, Albany, N. Y., of counsel.

Morgan, Finnegan, Pine, Foley & Lee, New York City, DeGraff, Foy, Conway & Holt-Harris, Albany, N. Y., for defendant; Granville M. Pine, New York City, of counsel.

## MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, Chief Judge.

Plaintiff, Dow Corning Corporation, has moved to file and serve a second amended complaint upon the defendant, General Electric Company (GE), pursuant to Rule 15(a), Fed.R.Civ.Pro. This is an action for patent infringement, 35 U.S.C. § 1 *et seq.*; and, was commenced by the filing of a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, on September 15, 1977. Defendant, GE, successfully moved for the transfer of the action to the Northern District of New York in March 1978.

Presently before the Court are plaintiff's proposed amendments. The purpose of these amendments is: 1) to delete all allegations with respect to the Glenrock Company, a defendant in the Illinois action, but

not amenable to service of process in this Court; and, 2) to include additional allegations of patent rights, infringement and damages with respect to Patent No. Re. 29,760, a reissue patent assigned to plaintiff, and, reissued on September 12, 1978. *See generally* 35 U.S.C. §§ 251, 252.

Defendant does not object to the deletion of the Glenrock Company as a co-defendant; however, it opposes strongly those amendments which seek to include the reissue patent within the scope of this litigation. This opposition necessitates a closer examination of the proposed amendments in light of the several contentions of the parties.

Generally, the objections of the defendant focus upon three specific areas: 1) that the proposed amendment is untimely in light of the circumstance that plaintiff was originally fully aware of all the facts upon which the proposed amendment is now based; 2) that the proposed amendment will unduly complicate the trial of this litigation intended at this stage for a jury, because the variations that exist within the claims of the reissue patent and the patent presently in suit, Patent No. 3,334,067 ('067'), will require different proof on the questions of infringement and validity; and, 3) that the addition of the reissue patent to the present complaint will delay the trial by necessitating further discovery.

Plaintiff attempts to meet these objections by urging: 1) that the delay of one year was not inexcusable because the reissue patent was designed to correct inoperative disclosures in the original patent, and, to disclose additional prior art to the Patent Office; 2) that the material already furnished to the defendant is broad enough to cover the reissue patent; 3) that inasmuch as the '067' patent presently in suit is an improvement upon the reissue patent, much of the evidence to be presented at trial will concern the reissue patent; and, 4) that no note of issue has been filed at this time.

Upon careful appraisal of the potential effect of the amendment, as well as a consideration of its importance to a determination of the merits, it is my judgment that plaintiff's motion to amend must be denied.

The standard by which the federal courts are to determine Rule 15(a) motions was set forth in the leading case of *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given".

The decided case law reveals that the above enumeration was not intended to be exhaustive. Indeed, the key to the allowance of amendments to the pleadings is "when justice so requires". Rule 15(a), Fed.R.Civ.Pro.; *Triangle Industries, Inc. v. Kennecott Copper Corp.*, 402 F.Supp. 210, 212 (S.D.N.Y.1975).

Defendant's initial objection is premised upon the delay in seeking the proposed amendment, particularly given the circumstance that plaintiff is alleged to have known all the facts upon which the proposed amendment is based.

Generally, delay alone, is an insufficient premise for denying leave to amend. *Hanson v. Hunt Oil Co.*, 398 F.2d 578, 582 (8th Cir. 1968); *United States v. IBM*, 66 F.R.D 223, 228 (S.D.N.Y.1975).

However, where the moving party had knowledge of the facts upon which the proposed amendment was based, but failed to include them in the original complaint, leave to amend may be denied. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974); *Christophides v. Porco*, 289 F.Supp. 403, 408 (S.D.N.Y.1968).

In this situation, plaintiffs filed their application for the reissue patent on September 13, 1977, two days prior to the commencement of this action in the Northern District of Illinois. The original patent, Patent No. 3,161,614 ('614'), issued on December 15, 1964. The purpose of a reissue patent is merely to correct deficiencies in the original patent's specifications, drawings or claims. 35 U.S.C. § 251. In short, the reissue patent covers the same invention as the original patent. *U. S. Chemicals Co. v. Carbide Corp.*, 315 U.S. 668, 675–76, 62 S.Ct. 839, 86 L.Ed. 1105 (1942).

Given this limited purpose of a reissue patent, plaintiff's failure to include the original '614' patent in the original complaint is inexplicable. Clearly, to my mind, the facts which constitute the alleged infringement of that patent were known to the plaintiff in September 1977. Indeed, by plaintiff's own moving papers, it is declared that the reissue patent and the patent presently in suit, the '067', are "highly related", both patents being directed to "one component, room temperature vulcanizable silicone elastomer compositions". In fact, the '067' patent essentially appears to be claimed as an improvement upon the reissue patent. Thus, the proper course would have been to include the original '614' patent in the original complaint; and, thereafter seek an amendment to add the reissue patent. *See* 35 U.S.C. § 252. *See also Winsted Hardware Mfg. Co. v. Samson-United Corp.*, 37 F.Supp. 1002 (S.D.N.Y. 1941), aff'd, 141 F.2d 502 (2d Cir. 1944). Plaintiff's failure to include the original patent furnishes a persuasive ground, albeit not a dispositive one, for denying plaintiff's motion to amend.

In my judgment, the above rationale, when viewed in combination with defendant's contentions of undue complexity, and the additional burdens of cost and delay relating to discovery, does furnish sufficient grounds for denial of plaintiff's motion.

Patent litigation is inherently complex. The present case, viewing the '067' patent alone, involves a method and composition patent for silicone elastomer compositions.

A brief examination of this patent's "abstract of disclosure" reveals that the layman's understanding, at first glance, would be limited to the composition's possible uses: "a sealant, an electrical insulation material and as a coating composition." To my mind, the persuasive factor here is that this litigation, in part, may be tried to a jury. There is sufficient difficulty for a jury to assimilate the facts and proofs regarding the questions of infringement and validity of one patent. This difficulty would obviously be compounded with the addition of the reissue patent, particularly given the circumstance wherein the claims and chemical compositions of the two patents are different. *See Triangle Industries, Inc. v. Kennecott Copper Corp., supra*, 402 F.Supp. at 212.

Finally, although this litigation has not been noticed for trial, substantial discovery has already taken place during the previous year. Defendant has produced in excess of 2,000 documents; and, has reviewed in excess of 15,000 documents received from the plaintiff. Depositions have been taken on both sides. The addition of the reissue patent to the litigation at this time would not only result in defendant being put to the added expense and burden of complying with further requests for discovery; but, defendant would also be confronted with the necessity of further preparation to meet the new issues raised by the addition of the reissue patent. In both instances, a delay in the preparation for trial to the state of readiness is evident. *See PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 417 F.2d 659, 664 (9th Cir. 1969), *cert. denied*, 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99 (1970); *Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 558 (E.D.N.Y.1976); *Portsmouth Baseball Corp. v. Frick*, 21 F.R.D. 318, 319 (S.D.N.Y.1958).

In sum, for the above stated reasons, the plaintiff's motion to amend the complaint to include the reissue patent is denied. The motion to amend to delete all reference to the Glenrock Company as a co-defendant, and not opposed by the defendant, is granted.

It is so Ordered.