**SOUTHWEST MARINE, INC., a corporation, Plaintiff,**

v.

**CAMPBELL INDUSTRIES, a corporation, Defendants.**

Civ. No. 78–0106–G.

United States District Court, S.D. California.

July 2, 1985.

David E. Lundin, Fredman, Silverberg & Lewis, Inc., San Diego, Cal., for plaintiff.

Eugene Crew, Linda J. Margolies, Khourie & Crew, San Francisco, Cal., Counsel for defendant Triple "A" Machine Shop, Inc.

MEMORANDUM OF OPINION AND ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REQUESTS FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR ATTORNEY'S FEES

GILLIAM, District Judge.

The court has reviewed the pleadings submitted by the parties and has heard oral argument regarding defendant's motion for summary judgment. After due deliberation, the court grants said motion for the following reasons.

## PROCEDURAL STATUS OF THE CASE

This matter proceeded to jury trial in this court in November, 1980. The jury returned a verdict which stated that defendants had concertedly induced the Port District to exclude plaintiff from the graving dock, in violation of the Sherman Act, but that plaintiff was barred from recovery on *pari delicto* grounds.

On plaintiff's appeal, 732 F.2d 744 the Ninth Circuit held that the *pari delicto* defense had not been established, because the record did not provide a legally sufficient basis for imputing Mr. Engel's conduct to the corporation which he formed and controlled.

The case was then remanded to the trial court on May 7, 1984, to determine whether defendants were entitled to a new trial, on the grounds that the jury had been exposed to documents that were not admitted into evidence.

This court considered the issue of a new trial, and issued a written Memorandum of Decisions and Orders are Defendant's Motions for New Trial and Summary Judgment on February 26, 1985. That decision stated that the scope of remand was limited and precluded consideration of the summary judgment motion. The motion for new trial was granted for the reasons set forth therein, that being that the documents submitted to the jury were prejudicial and that the evidence showed that the jury had relied on them for their finding.

Defendants subsequently refiled the instant motion for summary judgment. Plaintiff's petition for writ of mandamus was denied by the Ninth Circuit on April 29, 1985, and the summary judgment motion is now before this court for consideration.

In response to the motion for summary judgment, plaintiff filed a request for leave to file a second amended complaint and a request for attorney's fees under the Ninth Circuit's May 7, 1984 decision.

The dates relevant to the merits of the motions now before this court are as follows:

| | |
|---|---|
| 1978 | Defendants sought summary judgment on *Noerr-Pennington* grounds before Judge Nielsen in this district court. The motion was denied at that time, and no written opinion was issued. |
| 1980 | Jury trial on the merits. |
| Nov. 1, 1982 | Appeal of the jury trial was argued before the Ninth Circuit and submitted. |
| Nov. 16, 1982 | *In re Airport Car Rental Antitrust Litigation*, 693 F.2d 84 (9th Cir.1982), cert. denied, was published, declaring new and controlling principles of law affecting the instant case. |
| Jan. 26, 1983 | Petition for rehearing was denied by the Ninth Circuit in *Airport* (supra.) |
| May 7, 1984 | Ninth Circuit opinion was filed, reversing the jury's findings re: *pari delicto* in the instant matter, and remanding to this court. |

## PLAINTIFF'S REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

As ordered at the hearing on these motions, the request of plaintiff for leave to file a second amended complaint is denied.

Plaintiff sought to allege new causes of action which would survive the summary judgment motion now before the court. Allegations of fraud and active participation in a conspiracy with the Port District would survive, because case law has declared that such activity is an exception to *Noerr-Pennington*.

Plaintiff states in its Declaration of Counsel, David E. Lundin, that the reason they have not alleged such a cause of action up to this time is that "there was no need to present facts relating to any exception to the *Noerr-Pennington* doctrine", because governmental immunity was "a fully resolved issue".

The law as it now stands appears to make the protections of *Noerr-Pennington* applicable to this case, and the cause of action upon which plaintiff has solely relied is subject to summary judgment. Plaintiff now seeks to plead itself within two exceptions which have been carved out of the

**256**

*Noerr-Pennington* right to free speech before a governmental body.

As additional justification for not having alleged these facts earlier, plaintiff asserts that there were various strategic and political reasons which supported that decision.

■ The most important consideration in the court's determination whether to grant leave to amend under Federal Rule of Civil Procedure 15 is whether there will be any prejudice to the opposing party. Other factors to be considered are whether the motion is timely, what the reasons for delay were, whether the motion is brought in bad faith, the futility of the proposed amendment, and the motivation for bringing the motion at this particular time. *Sackett v. Beaman*, 399 F.2d 884 (C.A.Cal. 1968); *Ozark Air Lines, Inc. v. Delta Air Lines*, 63 F.R.D. 69 (D.C.Ill.1974); *Dow Corning Corp. v. General Elec. Co.*, 461 F.Supp. 519 (D.C.N.Y.1978); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Matlack, Inc. v. Hupp Corp.*, 57 F.R.D. 151 (D.C.Pa.1972).

■ The amendment which plaintiff urges constitutes a substantial change of the underlying factual allegations. This matter has proceeded completely through one trial on the merits without mention of any fraud or active participation in a conspiracy. Plaintiff's pleadings indicated the fact that potential allegations of fraud or conspiracy surfaced during discovery some five years ago. All discovery is long ago completed, and the evidence and memories of witnesses have surely dimmed over these seven years since the original complaint was filed. To grant plaintiff's request would require defendants to virtually reconduct discovery in its entirety, and would work a substantial hardship on all parties at this late stage in the proceedings.

The court finds that extending leave to plaintiff to amend its complaint at this stage of the proceedings would substantially prejudice the opposing parties. The court further finds that, as set out below, plaintiff was on notice at all times herein that the law in the area of *Noerr-Pennington* was not settled beyond all doubt so as to necessarily preclude the assertion of the alternative theories of recovery which he now seeks to allege. Finally, the court finds that the timing of the filing of this request evidences bad faith on the part of plaintiffs, in that they appear to be attempting to prevent an anticipated adverse judgment through use of amendment of pleadings.

Finding that the interests of justice would not be served by the amendment, that the request is untimely, that the reasons for delay are without foundation or merit, that the request appears to have been brought at this time for an improper motive, and that the prejudice to defendant caused by this substantial amendment of the underlying factual basis of this litigation will be substantial, the court denies the request of plaintiff for leave to file a second amended complaint.

\* \* \*

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment on the basis of a change in existing law, contending that the case of *In re Airport Car Rental Antitrust Litigation*, 693 F.2d 84 (9th Cir.1982), cert. denied, now establishes the principle that *Noerr-Pennington* does protect communications made to a governmental body, even though the objective of that communication was commercial and anticompetitive.

Plaintiff responds that summary judgment may not be entered at this time because it is barred by the doctrines of *res judicata* and "law of the case", the issue having been decided by Judge Nielsen in 1978.

The court's inquiry is two-tiered. The first determination is whether *Airport* (supra) in fact constitutes a change in the existing law. If there has been no change in existing law, then Judge Nielsen's denial of this same motion in 1978 must be given great deference by this court, and that decision could only be overturned if it were

clearly erroneous. If, on the other hand, there has been a change of law, then this court must reconsider the motion in light of that change. Plaintiff's assertion that the law as it exists on the date of filing of the complaint should control throughout the various stages of litigation is without foundation or merit.

■ The court finds that *Airport* (supra) does constitute a change in existing law. The court in *Airport* undertook an extensive review of previous decisions in this circuit regarding whether or not the *Noerr-Pennington* free speech exemption from the antitrust laws protects concerted efforts to lobby public officials on issues of governmental commercial activities. That full review convinced the Ninth Circuit that previous decisions had erroneously held that governmental decisions which implemented policy, rather than formulated policy, (in other words, commercial activities of the governmental body) were not protected under *Noerr-Pennington.*

*Airport* specifically halts the former trend of court decisions on this issue, and the stated intention of the court was to clarify and determine this rule of law. For purposes of this motion, then, there has been a change in existing law which is sufficient to require a *de novo* consideration of the issues and which takes this matter out from under the "due deference" standard otherwise accorded to prior decisions between the same parties.

The second inquiry, then, is whether that change of law is applicable to the facts underlying this matter.

The holding in *Airport* (supra) was that the distinction between implementing and formulating policy is not a distinction which sufficiently lessens the interest in free speech so as to avoid the *Noerr-Pennington* doctrine.

Plaintiff draws three distinctions between the facts underlying *Airport* and the facts currently before the court, as follows: 1) The graving dock was owned by the Navy and only leased by the Port District, whereas the governmental body in *Airport* actually owned the land involved. 2) This matter involves execution of a contract, whereas the *Airport* facts involved enactment of governmental policy not in contract form. 3) The act complained of here was not the execution of the contract, but was instead the subsequent refusal to issue a waiver to plaintiff. Under the terms of the contract, that decision was made in conjunction with current users, and was therefore not a purely governmental act.

■ The court finds that these distinctions are not sufficient to avoid application of the holding in *Airport* to these facts. The cases are substantially identical, and as to those facts which were determinative of the court's ruling, they are the same.

■ The decision of the Port District to enter into the contract and the decisions as to what the contract provisions would be were made after public meetings were held with an opportunity for full discussion and disclosure. Following those meetings, the matter was referred to a subcommittee for study and recommendation. The subcommittee returned with its report, and the Port District voted unanimously in open, public forum and following further discussion, to execute the contract. This procedure is inherently that of a governmental body, and the course of conduct thereby adopted by the Port District constitutes formulation and implementation of governmental policy.

■ The fact that the anticompetitive regulations were set out within a contract format instead of in legislative policy format is irrelevant for purposes of this determination. The contract embodies governmental policy. The fact that it is in "contract" form does not vitiate its basic nature, in view of the fact that full compliance with public forum and review requirements was accomplished by the Port District.

This alleged distinction is not sufficient to take this matter outside the purview of *Airport.* Putting the decision into contract form was a mere implementation of policy, and *Airport* specifically states that the dis-

tinction between implementation and formulation of policy is not sufficient to avoid *Noerr-Pennington.*

Plaintiff's objection that the land was only leased and not owned outright does not state a determinative fact critical to the holding in *Airport,* and therefore this difference is not sufficient to avoid its dictates.

Plaintiff's third contention, that the act complained of was not execution of the contract initially but was instead the subsequent refusal to issue a waiver of user requirements, is not sufficient to avoid application of the holding in *Airport* to this matter. Again, the contractual provisions were entered into by the Port District after a full and fair governmental formulation of policy, and the execution of the contract itself and subsequent acts taken under the provisions of that contract are merely implementation of that policy. Such acts are specifically sanctioned by the Ninth Circuit in *Airport.*

Finding that the case of *Airport* (supra) is controlling as to the facts at bar, defendant's motion for summary judgment is granted.

### PLAINTIFF'S REQUEST FOR ATTORNEY FEES

■ Plaintiff seeks attorney's fees in this matter to date under the provisions of the Ninth Circuit's opinion issued May 7, 1984.

In that opinion, the court stated:

"If the district court decides that a new trial is not required, Southwest Marine is immediately entitled to a determination of damages, and an award of attorney's fees commensurate with this judgment."

The Ninth Circuit's statement that plaintiff should recover its attorney's fees was expressly conditioned on this court's finding that a new trial was not required. As set forth in this court's Memorandum of Decisions filed February 26, 1985, a new trial was found to be required.

Absent the fulfillment of the express condition on which the Ninth Circuit's di-

rective was based, no attorney's fees are due at this time to plaintiff under the dictates of the May 7, 1984 opinion.

Plaintiff's requests for leave to file a second amended complaint and for attorney's fees are denied. Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.