**SOUTHWEST MARINE, INC., a corporation, Plaintiff-Appellant,**

v.

**CAMPBELL INDUSTRIES, et al., Defendants-Appellees.**

No. 85–6157.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1986.

Decided Aug. 5, 1986.

Rehearing Denied Oct. 3, 1986.

Michael J. Roberts, Fredman, Silverberg & Lewis, Inc., San Diego, Cal., for plaintiff-appellant.

Eugene Crew, San Francisco, Cal., for defendants-appellees.

Before CANBY, REINHARDT and JOHN T. NOONAN, Jr., Circuit Judges.

PER CURIAM:

In an earlier opinion we held that Southwest Marine was entitled to recover attor-

neys fees against National Steel and Shipbuilding Company and Triple "A" Machine Shop, Inc., 732 F.2d 744, 746–47 (9th Cir. 1984). We held that Southwest Marine was the prevailing party because of the practical result it had obtained as a result of prosecuting its antitrust action—the right to use a dry dock facility to which it had previously been denied access. This right was afforded to Southwest Marine after the litigation was instituted but prior to trial. The trial resulted in a jury verdict in Southwest Marine's favor but the district judge entered a judgment n.o.v. for defendants. Southwest Marine appealed and we reversed. After deciding that Southwest Marine was entitled to attorney's fees because of the practical result it had obtained prior to the actual trial, we remanded the case for a possible retrial and noted that because a new trial was possible the "amount of fees" should await final disposition of the suit.

Upon remand, as a result of the emergence of new case law affecting the underlying claim, the district court awarded judgment to Triple "A" Machine Shop.[1] (By this time National Steel and Shipbuilding Company had settled with Southwest Marine.) The district judge believed that our decision did not unequivocally resolve the question of Southwest Marine's entitlement to attorneys' fees but that it was conditioned on Southwest Marine's ultimately prevailing in the litigation. That construction of our opinion is erroneous. Our decision constituted a final and unconditional determination with respect to the attorney fee issue. We held unequivocally that Southwest Marine was entitled to recover fees against the defendants. Only the amount of the fees was left unresolved.

We have considered all the other objections raised by Triple "A" and reject them. We note that Southwest Marine's decision to institute litigation was neither frivolous nor unreasonable. To the contrary, its legal position at the time it filed its complaint, as well as at the time it accomplished the practical result that underlay our attorneys' fees determination, was supported by the weight of legal authority.

We express no view as to the amount of legal fees Southwest Marine is entitled to recover or which particular portions of the legal services rendered by its attorneys during the litigation are compensable under our prior decision. Such matters should be considered initially by the district court.

### REVERSED AND REMANDED

NOONAN, Circuit Judge, concurring:

The court does not decide which "particular portions" of the legal services rendered Southwest shall be paid for by Triple A. Most people if told you could bring a lawsuit, lose it, and then ask your opponent to pay you at least $363,000 in attorney's fees would think they had heard a joke or an extravagant parody of the mysterious ways of that old ass, the law. But that is exactly what Southwest Marine has done in this case. It lost at trial. It got a new trial and lost on summary judgment before the second trial began. It lost its motion to amend its pleadings and start again. It has not appealed its defeat which has been mandated by the law. Nonetheless, Southwest has asked for attorney's fees, including fees for work on all the motions it has lost. Chutzpah takes on a new definition when one looks at Southwest's demands.

In February 1978 Southwest sued National Steel and Shipbuilding Company (NASSCO) and Triple "A" seeking access to a dry dock. In May 1978 National granted Southwest a partial assignment of its own rights, giving Southwest the desired access for three years. This assignment was the practical result the lawsuit achieved. Southwest had prevailed against NASSCO to the extent of inducing the

---

1. The district court's decision regarding attorney's fees is contained in a published opinion that deals with other issues, including the court's disposition of the case on the merits. *Southwest Marine, Inc. v. Campbell Industries,* 616 F.Supp. 253 (S.D.Cal.1985). Because the attorney's fees decision was published, we are required to publish our reversal of that decision. 9th Cir.R. 21(b)(5). Otherwise we would have issued a memorandum disposition in this case.

three-year assignment. Triple A was no party to this concession.

On appeal, after losing the trial in 1980, Southwest sought attorney's fees from both NASSCO and Triple A. Southwest advanced two arguments: (1) Although Southwest had been awarded zero damages, a special jury verdict had found that the defendants had violated Section 1 of the Sherman Act, and "Counsel for NASSCO admitted that the jury verdict of illegality would be in the mind of his client as well as Triple and the Port," with the result that such verdict would lead to the elimination of the unlawful restraints. (2) The end result had been "to compel the defendants to recognize and honor their obligations under the antitrust laws." Counsel offered no basis for knowing what was in the mind of Triple A and no evidence as to how Triple A had been compelled to recognize and honor its obligations under the antitrust laws. The concession by NASSCO had preceded the verdict that counsel found so salutary. This court, however, in a per curiam opinion ruled: "As a result of the action filed by plaintiff, the defendants decided to permit Southwest Marine to use the dock under an assignment from National Steel and Shipbuilding Co." *Southwest Marine Inc. v. Campbell Industries*, 732 F.2d 744 (9th Cir.1984). The court remanded the case with this directive: "If the district court decides that a new trial is not required, Southwest Marine is immediately entitled to a determination of damages, and an award of attorney's fees commensurate with this judgment." *Id.* at 744.

On remand, NASSCO settled with Southwest and was dismissed from the case. The district court did decide that a new trial was required. Ultimately Triple A prevailed on a motion for summary judgment. The district court found that Southwest's case was barred by the *Noerr Pennington* doctrine as applied by this circuit in *In re Airport Car Rental Antitrust Litigation*, 693 F.2d 84 (9th Cir.1982) *cert. denied* 462 U.S. 1133, 103 S.Ct. 3114, 77 L.Ed.2d 1368 (1983). The district court denied Southwest's request for attorney's fees, declaring: "The Ninth Circuit's statement that plaintiff should recover its attorney's fees was expressly conditioned on this court's finding that a new trial was not required." *Southwest Marine, Inc. v. Campbell Industries*, 616 F.Supp. 253, 758 (S.D.Cal.1985). Since a new trial had been required, the court concluded that the earlier decision of this court did not mandate the award of the fees.

District courts do not have the authority to override the mandate of this court, but nothing presents a district court from interpreting an ambiguous order in such a way that injustice is avoided. The sentence focused on by the district judge was ambiguous, and the district court sought to interpret the ambiguity to avoid the anomaly of having the winner pay the loser's lawyers. But the district court isolated a single sentence from the discussion by this court that made it plain that Southwest was in its view the prevailing party against "the defendants" in the plural.

Southwest, then, by the law of the case is entitled to attorney's fees, but at no point has this court determined that it is entitled to all its attorney's fees. Southwest is not entitled to attorney's fees for work done by its lawyers that bore no fruit whatsoever. *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

Recognizing that "a request for attorney's fees should not result in a second major litigation" and that the district court has discretion to determine fees to be awarded, the Supreme Court has laid out principles to govern this determination in all cases where Congress has authorized such an award to a "prevailing party." *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40. Where a plaintiff "has succeeded on only some of his claims for relief," the district court may adjust the fee downwards. *Id.* at 434, 103 S.Ct. at 1940. Work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Id.* at 435, 103

S.Ct. at 1940. What is "the most critical factor" is "the degree of success obtained." *Id.* at 436, 103 S.Ct. at 1941. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440, 103 S.Ct. at 1943.

Southwest prevailed to the extent of getting a partial assignment for three years from NASSCO. That assignment and the entire Users' Agreement expired on July 2, 1981 and were not renewed. This court has not held that the nonrenewal of that agreement was in any way attributable to Southwest's suit. Indeed as that suit turned out, it would be entirely legal for the old Users' Agreement to be reinstated. The *public* benefit was zero or negative. In this respect the case is markedly different from civil rights cases where a plaintiff acting as a private attorney general vindicates fundamental rights. *Cf. City of Riverside v. Rivera,* — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Southwest won no permanent victory. Southwest did not vindicate the antitrust laws. What it achieved was achieved through a mistake of law by NASSCO. Southwest's attorney's fees should be awarded in the light of this small victory. A portion of the first appeal and all of this appeal was dedicated to vindicating the claim to these attorney's fees. Consequently, work here may also be appropriately compensated to the extent warranted by the result obtained.

With these clarifications I concur in the disposition made by the court.