**RICHARDSON GREENSHIELDS SECURITIES, INC., Plaintiff,**

v.

**MUI–HIN LAU, Ho Sih Fong, Kau-Ying Lau, Ying Lup Lau, and Wai Yau Chi, Defendants.**

84 Civ. 6134 (SWK).

United States District Court, S.D. New York.

Dec. 30, 1986.

See also, 651 F.Supp. 929.

Morgan, Lewis & Bockius, New York City by John Linsenmeyer, Peter G. McDonough, for plaintiff.

Carey & Deinoff, New York City by Michael Q. Carey, Julia S. Robbins, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action was commenced on August 24, 1984. It is brought in diversity pursuant to 28 U.S.C. § 1332. Plaintiff, a futures commission merchant, claims that the defendants owe deficit balances totalling $167,212.48, plus interest and attorneys' fees, on commodities futures trading accounts which they had established with plaintiff.

Defendants, Mui-Hin Lau, Ho Sih Fong, Kau-Ying Lau, Ying Lup Lau and Wai Yau Chi (collectively, the "Laus"), have moved to amend their answer to assert counterclaims against plaintiff, Richardson Greenshields Securities, Inc. ("Richardson"), and third party claims against former employees of Richardson pursuant to Rules 13(f), 14(a) and 15 of the Federal Rules of Civil Procedure, and to join Daniel Lau as a defendant and third party plaintiff pursuant to Rules 19 and 20 of the Federal Rules. For the reasons set forth below, defendants' motion is denied in all respects.

## FACTS

The general facts of this case are recited in this Court's December 30, 1986 opinion granting a preliminary injunction and will not be repeated here.[1]

Richardson filed its complaint in this collection action on August 27, 1984. Partly due to complications in effecting service on the Laus, the Laus' answer, which contained no counterclaims, was not served until April 1, 1985. Richardson commenced discovery upon receipt of the Laus' answer and concluded discovery on January 31, 1986. The Laus, on the other hand, did not institute discovery until December 1985. This Court granted defendants' request for an extension of the May 2, 1986 discovery deadline to July 8, 1986 to allow the Laus time to complete discovery. Discovery in this action concluded as of that date.

At a June 13, 1986 conference, this Court set a January 26, 1987 trial date and established a pretrial schedule. At the June 13 conference, counsel for defendants orally requested that defendants be permitted to amend their answer to assert unspecified counterclaims. This Court denied defendants' oral request and ruled that such a request be made by motion and that a further conference directed to the issues of the proposed motion—which defendant had not yet developed—be held. After several delays, including an unexplained cancellation of a scheduled conference at the defendants' request, that conference was finally rescheduled for and held on November 14, 1986, and the instant motion filed on November 21, 1986.

In the interim, defendants and Daniel Lau filed a separate action against Richardson and four of its employees on July 1, 1986. This complaint was assigned to Judge Goettel (the "Goettel action"). The Laus' complaint in that action alleged that Richardson and its employees engaged in activities which constitute violations of the Commodity Exchange Act, RICO and the Martin Act (N.Y.Gen.Bus.Law § 352 et seq.), fraud, breach of fiduciary duties,

---

1. Reference is made to this Court's December 31, 1986 opinion modifying plaintiff's temporary restraining order and order of attachment and, as modified, converting the temporary restraining order into a preliminary injunction and confirming the order of attachment. In that opinion this Court found that plaintiff had sustained its burden of demonstrating its likelihood of success on the merits of its claims that the Laus breached their commidities futures trading agreements with Richardson. Although this Court does not rely on that opinion here, it should be noted that, if plaintiff's claims are likely to succeed on the merits—as this Court determined they were in that decision—then defendants' counterclaims would likely fail on the merits since these counterclaims, alleging fraud and deceit on Richardson's part, are incompatible with Richardson's claims.

breach of contract, conversion, and negligence. Carey Aff., Exh. C, ¶¶ 110–185. In addition to approximately seven million dollars in treble RICO damages, the Laus also sought ten million dollars in punitive damages and a declaratory judgment that Richardson was not entitled to recover in the action pending before this Court. Carey Aff., Exh. C, p. 58.

Richardson and its former employees moved to dismiss the Lau complaint in the Goettel action. The Laus cross-moved for an order consolidating the Goettel action with this action. McDonough Aff., Exh. D.

At a September 19, 1986 hearing, Judge Goettel

> dismiss[ed the Lau] action without prejudice to applications made to Judge Kram to amend the answer to assert the counterclaims, and with the representation of Richardson Greenshield's counsel that they will not assert a statute of limitations defense which did not exist at the time this action was commenced; therefore, the dismissing of this action does not prejudice the plaintiffs in that regard.

McDonough Aff., Exh. G, p. 21. Judge Goettel's decision was based, at least in part, on his assessment that "whether [the Laus] were dilatory in seeking the amendment and whether coming along as they did, did they proceed[ ] expeditiously" were matters "for Judge Kram to consider," *id.* at 20, and noted that "the filing of the complaint strikes me as an end run around the making of the motion to amend [the Laus'] answer to file a counterclaim" in the Richardson litigation before this court, *id.* at 8.

### DISCUSSION

■ The Laus' motion to amend their answer to assert counterclaims is governed by Rule 13(f) of the Federal Rules of Civil Procedure which provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f).

In general, leave to amend pleadings shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). Grant or denial of an opportunity to amend is within the sound discretion of the District Court, *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), and should be decided on the "particular facts and circumstances" of each case. *Parness v. Lieblich,* 90 F.R.D. 178, 182 (S.D.N.Y.1981). Nonetheless, outright refusal to grant the leave without any justifying reason is an abuse of the District Court's power and is inconsistent with the spirit of the Federal Rules. *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230.

The Supreme Court has cited as reasons for denying a motion to amend "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.," *id.,* and the Second Circuit had labelled "[c]onsiderations of undue delay, bad faith, and prejudice to the opposing party" as the "touchstones of a district court's discretionary authority to deny leave to amend." *Barrows v. Forest Laboratories, Inc.,* 742 F.2d 54, 58 (2d Cir.1984).

### The Proposed Amended Answer

■ It should first be noted that the Laus' motion for leave to amend does not contain a copy of the proposed amended answer, even though the Laus raised the issue of amending their answer more than five months before they filed this motion and surely had sufficient time in which to draft such an amended pleading. A proposed amendment or new pleading should be submitted with the motion. 3 J. Moore, *Moore's Federal Practice* ¶ 15.12 (2d ed. 1985). *See also Lilly v. United States Lines Co.,* 42 F.Supp. 214, 215 (S.D.N.Y. 1941) (leave to amend complaint denied because, *inter alia,* no proposed amended complaint was before the court). As plaintiff rightly points out, "[s]ince one of the grounds for denial of leave to amend is the legal sufficiency of the proposed pleading,

... the requirement to submit the proposed pleading with the moving papers is elementary common sense." Pl.Mem. at 21.

Nonetheless, the Laus assert that they "intend to file counterclaims substantially similar to the claims in the Lau Complaint [in the Goettel action], with certain defects, if any, corrected which were pointed out by [Richardson] in a motion to dismiss in that case." Carey Aff., ¶ 9. Because the Laus' counterclaims will be substantially similar to the counts in the Goettel action, this Court will refer to the Lau complaint in that action as necessary in deciding this motion to amend.

Twenty one months have passed since the filing of the Lau's answer; defendants did not even institute discovery for nine months following the filing of their answer; and defendants have offered no justifiable excuse for this delay. Defendants advance as reasons for the delay (1) the complexity of the proposed counterclaims, (2) the need "to obtain and analyze facts and leads to the facts, to pursue additional facts (most of which were and some of which remain exclusively within the knowledge of Richardson) and to confirm through the limited discovery to which Richardson did not object, the facts then known to the Laus," and (3) Richardson's objections to producing certain documents requested by the Laus.

Defendants arguments are disingenuous at best. The Lau complaint in the Goettel action—which defendants assert will be substantially similar to their proposed counterclaims in this action—contains 16 counts alleging breach of contract (one count), conversion (four counts), money had and received (four counts), constructive trust (two counts), violation of the Commodity Exchange Act (one count), RICO (one count), and the Martin Act (one count), fraud (one count), and negligence (one count). Such proposed counterclaims do not need the discovery process in order to be pleaded in an answer because the elements of the claims were within the Laus' sphere of knowledge at the time the Richardson complaint was filed. Indeed, there

is not a single count in the Lau complaint which appears based upon recently uncovered information.

"The discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made—not to discover whether a claim exists." *Am. Communications Ass'n, Local 10, I.B.T. v. Retirement Plan for Employees of RCA Corp. and Subsidiary Cos.*, 488 F.Supp. 479, 484 (S.D.N.Y.) (footnote omitted), *aff'd without opinion*, 646 F.2d 559 (2d Cir. 1980). The Laus' arguments at best reflect a lack of understanding as to the proper role of discovery, and at worst suggest a belated fishing expedition designed to delay Richardson's day in court while the Laus attempt to discover colorable counterclaims to assert. Accordingly, this Court finds the Laus' delay in asserting its counterclaims to be inexcusable.

 Although, in general, this Circuit follows the rule that mere delay, not coupled with more, is an insufficient premise for denying leave to amend, *e.g.*, *Index Fund, Inc. v. Hagopian*, 91 F.R.D. 599, 606 (S.D.N.Y.1981); *Dow Corning Corporation v. General Electric Co.*, 461 F.Supp. 519, 520 (N.D.N.Y.1978), where the moving party also had knowledge of the facts upon which the proposed amendment was based, but failed to include them in the original pleading—as is the case here—leave to amend may properly be denied, *Dow Corning*, 461 F.Supp. at 520.

 Furthermore, discovery in this action was concluded—after this Court's grant of defendants' request for additional time—on July 8, 1986, two years after the Richardson complaint had been filed. Defendants now seek at least "a two month period after filing an Amended Answer" (the time for that activity is not mentioned in defendants' moving papers) to conduct additional discovery. Carey Aff. ¶ 13. Unexcused delay, coupled with the probability that the addition of new claims would lead to a new wave of discovery, is also an

adequate basis for denying leave to amend. *Church of Scientology v. Siegelman*, 94 F.R.D. 735, 740 (S.D.N.Y.1982). Accordingly, this case presents a situation where it is appropriate for this Court in its discretion to deny defendants' motion for leave to amend their answer.

*Joinder of Additional Parties*

Defendants have also moved to add third party defendants who were employees of Richardson and a new defendant/third party plaintiff, Daniel Lau, pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure, as part of their request to amend their answer to assert counterclaims against Richardson. Defendants provide no reason independent of the counterclaims to join these additional parties to this action, nor has this Court determined that such a rationale exists. Because defendants' motion to amend their answer to assert counterclaims is denied, this Court need not reach the issue of joinder of additional parties asserted to be necessary to defendants' proposed counterclaims.

## CONCLUSIONS

Defendants' motion to amend their answer to assert counterclaims against Richardson and third party claims against former Richardson employees, as well as Richardson, pursuant to Rules 13(f), 14(a) and 15 of the Federal Rules of Civil Procedure, and to join Daniel Lau as a defendant and third party plaintiff pursuant to Rules 19 and 20 of the Federal Rules is denied.

SO ORDERED.