**ELEMA–SCHONANDER, INC., Appellee,**

**v.**

**K.C.F. MEDICAL SUPPLY CO., INC., Appellant.**

**No. 88–1419.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1988.

Decided March 14, 1989.

---

Michael P. Keleher and Jeffrey S. Eastman, Kansas City, Mo., for appellant.

Gerald M. Kraai and Michael Elbein, Kansas City, Mo., for appellee.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and BRIGHT, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

K.C.F. Medical Supply Company, Inc., appeals from a district court order denying it leave to amend its answer to assert a counterclaim in an action filed against it by Elema–Schonander, Inc. After the district court denied K.C.F. leave to amend, it entered summary judgment against K.C.F. We conclude the district court did not abuse its discretion in denying K.C.F. leave to file the counterclaim and we affirm the judgment of the district court.[1]

Elema–Schonander brought this diversity action against K.C.F. on June 8, 1987. It had sold products to K.C.F. under a written franchise agreement, and in its lawsuit Elema–Schonander prayed for $155,192.29 owed it by K.C.F. The complaint proceed-

ed under theories of breach of contract and amount owed on account. In its answer of June 29, 1987, K.C.F. denied virtually every allegation and claim made against it and presented a variety of conclusory affirmative defenses. The answer stated no counterclaim.

Under Local Rule 15(G) of the Western District of Missouri, the parties later filed a proposed scheduling order that was adopted by the district court. The order provided that the last date for amendment of pleadings or addition of parties was to be November 1, 1987, that discovery would be closed on December 1, and that witness and exhibit lists would be filed by December 31.

Elema–Schonander filed a motion for summary judgment on November 9. K.C.F. filed no response. On December 30, 1987, Elema–Schonander filed its lists of witnesses and exhibits. K.C.F. did not. On January 21, 1988, the district court set a pretrial conference for February 10, and ordered the parties to file witness and exhibit lists before the pretrial conference.

On January 21, 1988, K.C.F. filed a motion to amend its answer to add a ten-count counterclaim alleging breach of oral and implied contract, fraud, breach of duty of good faith and fair dealing, unjust enrichment, antitrust violations, unfair competition, tortious interference with business relations, and breach of fiduciary duty, with a claim for punitive damages. In seven of these counts K.C.F. requested damages of $10,000,000 or more. Elema–Schonander filed a brief in opposition which presented arguments as to why each of the ten claims was meritless. K.C.F. filed no reply.

The pretrial conference was held February 10. K.C.F. had not yet filed a list of witnesses or exhibits, or responded to Elema–Schonander's motion for summary judgment. Nor had it replied to Elema–Schonander's brief in opposition to the proposed counterclaim. The district court denied K.C.F.'s motion for leave to amend,

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

**1126**

and granted Elema–Schonander's motion for summary judgment.

On appeal, K.C.F. contends that the district court abused its discretion in denying K.C.F.'s motion for leave to amend the answer and add the counterclaim. Under Fed.R.Civ.P. 13 and 15(a), the district court enjoys discretion in whether to grant such a motion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prod. Corp.*, 542 F.2d 1010, 1012 (8th Cir.1976). K.C.F. contends that in order to deny its motion for leave to amend, the district court must establish both that the motion was untimely and that prejudice would accrue to Elema–Schonander, the non-moving party. *See Buder v. Merrill, Lynch, Pierce, Fenner and Smith*, 644 F.2d 690, 694 (8th Cir.1981). K.C.F. argues that the district court did not demonstrate such prejudice.

The district court's order does cite untimeliness as a reason to deny K.C.F.'s motion to amend. The order, however, also recites that the proposed amendment "would completely alter the posture and complexion of this case, would prejudice the plaintiff and would require additional discovery which would undoubtedly delay the case." Under the circumstances of this case, we cannot disagree with the district court. The record reveals that K.C.F. conducted no discovery and sought no extensions of the discovery deadline. It failed to amend within the time provided by the parties' scheduling order. It failed to file a list of witnesses and exhibits on the dates agreed to and as later ordered by the district court. It failed to file a response to Elema–Schonander's motion for summary judgment. Finally, Elema–Schonander's response to K.C.F.'s motion to amend specifically dealt with each count of the proposed counterclaim, and pointed to the legal inadequacy of each. Although local court rules required a reply to this response, K.C.F. failed to abide by these rules.

In essence, this is a case where K.C.F. did nothing until the last minute, when in response to a straightforward contract claim it attempted to assert for the first time a complex counterclaim, which, if allowed, would vastly enlarge the scope of issues relevant in the suit. The district court did not err in concluding that Elema–Schonander would be prejudiced by the amendment, that additional discovery would be required, and that the court's docket would be adversely affected. *Cf. Barnes Group, Inc. v. C & C Prod., Inc.*, 716 F.2d 1023, 1035 n. 35 (4th Cir.1983); *Rohner Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir.1981). The district court therefore did not abuse its discretion.

The judgment of the district court is affirmed.