**PREFERRED MEAL SYSTEMS, Plaintiff,**

v.

**SAVE MORE FOODS, INC., et al., Defendants.**

**Civ. A. No. 87–2027 (CRR).**

United States District Court, District of Columbia.

Feb. 5, 1990.

**12**

Daniel E. Schultz, Washington, D.C., for plaintiff Preferred Meal Systems.

William L. Leftwich, Frederick A. Douglas and Natalie O. Ludaway, Washington, D.C., for defendants Save More Foods, Inc. and Roy Littlejohn.

ORDER

CHARLES R. RICHEY, District Judge.

About twenty-nine months after the Complaint in the above-captioned case was filed, the defendant Roy Littlejohn has moved for leave to file an amended answer and for leave to amend his pleadings to include a counterclaim. Upon consideration of the defendant's motions, the plaintiff's oppositions, and the entire record herein, the Court will deny both motions.

*1) The Amended Answer*

█ The defendant claims that he seeks to amend his answer "to provide a more detailed response to the allegations contained in the Complaint" and that the plaintiff would not prejudiced if the Court were to grant his motion. However, even giving the defendant the benefit of the doubt, his claim is disingenuous at best. The defendant's proffered Amended Answer would add a defense—lack of privity of contract between the plaintiff and the defendant—not included in his original Answer. This is hardly a minor change, especially considering that this is, among other things, a breach of contract action. Moreover, the changes that the defendant calls "mere clarifications" in his proffered Amended Answer actually retract admissions that the defendant made in his original Answer.

The defendant's original admissions and defenses have been an important part of the record in this case for almost two and one-half years and have undoubtedly shaped the discovery which the parties have conducted. The defendant has provided no explanation for his failure to proffer this Amended Answer a long time ago, instead of waiting until such a late stage in this litigation and only one month before the discovery cut-off date of January 15, 1990.[1] In addition, the defendant has failed to explain how the proposed amendment would not prejudice the plaintiff and would not require additional discovery. The Court recognizes that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Under these circumstances, justice requires that the Court deny the defendant's motion for leave to amend.

---

1. For example, this record offers no indication that the defendant recently learned of new information, through discovery or otherwise, which required him to amend his Answer.

### 2) The Counterclaim

Relying on Federal Rule of Civil Procedure 13(f), the defendant argues that the Court should grant him leave to amend to include an "omitted counterclaim" against the plaintiff for fraudulent misrepresentation. Because it arises out of the same transaction or occurrence at issue in the plaintiff's claim, the defendant's proffered counterclaim is compulsory and should have been set up when the defendant filed his Answer, Fed.R.Civ.P. 13(a), almost twenty-nine months before he filed the instant motion. Rule 13(f) is interpreted liberally, but "it should not be construed as an open-ended mechanism for avoiding the timely filing of counterclaims arising out of a single transaction." *Unispec Development v. Harwood K. Smith & Partners*, 124 F.R.D. 211, 213 (D.Ariz.1988).

As in his motion to amend his Answer, the defendant claims that the plaintiff would not be prejudiced by the filing of the proffered counterclaim. Again, the Court is not convinced. The discovery cut-off was January 15, 1990, and the trial in this case is set to commence in mid-March. The defendant's motion is untimely and, if granted, would require additional discovery and modification of the above dates. Moreover, the defendant does not claim that he only recently discovered the factual basis for his proffered counterclaim and offers no explanation or justification whatsoever for his lengthy delay and for his failure to set up this compulsory counterclaim when he filed his Answer. "Unexcused delay, coupled with the probability that the addition of new claims would lead to a new wave of discovery, is ... an adequate basis for denying leave to amend." *Richardson Greenshields Sec. v. Mui–Hin Lau*, 113 F.R.D. 608, 611–12 (S.D.N.Y.1986).

In sum, the defendant has not shown the Court that justice requires inclusion of the counterclaim nor has he demonstrated "oversight, inadvertence, or excusable neglect." Fed.R.Civ.P. 13(f). Under these circumstances, the Court in the exercise of its discretion, *Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 69 (D.C.Cir. 1988), holds that the defendant has not met the requirements of Rule 13(f) and that his motion for leave to amend to include the proffered counterclaim must be denied. *See, e.g., Elema–Schonander, Inc. v. K.C.F. Medical Supply*, 869 F.2d 1124, 1126 (8th Cir.1989); *Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir. Unit B Sept.1981); *Owens–Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188 (3d Cir.1979).

Accordingly, it is, by the Court, this 5th day of February, 1990,

ORDERED that the defendant Roy Littlejohn's Motion for Leave to File Amended Answer shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the defendant Roy Littlejohn's Motion for Leave to Amend to Include Counterclaim shall be, and hereby is, DENIED.