**TECHNOGRAPHICS, INC., Plaintiff,**

v.

**MERCER CORPORATION, Defendant.**

**No. 3:CV–89–0937.**

United States District Court,
M.D. Pennsylvania.

July 8, 1992.

Joseph A. O'Brien, Oliver, Price & Rhodes, Scranton, Pa., for plaintiff.

James M. Scanlon, Scanlon, Howley, Scanlon & Doherty, Scranton, Pa., Samuel L. Felker, Bass, Berry & Sims, Nashville, Tenn., Brett O. Feese, Brian Caffrey, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for defendant.

ORDER

McCLURE, District Judge.

BACKGROUND

1. *Procedural History*

Plaintiff Technographics, Inc. ("Technographics") filed this action on June 19, 1989, alleging that defendant Mercer Corporation ("Mercer") sold a defective coating machine to it in October of 1987. The initial scheduling order issued by the undersigned judge on November 14, 1990 placed the case on the May, 1991 trial list, and set other pretrial deadlines. In response to suggested changes received from defense counsel, the court issued a revised scheduling order on December 13, 1990, placing the case on the July, 1991 trial list.

On March 19, 1991, at the request of defense counsel, the court extended the discovery deadline from March 1 to April 1, 1991.

On May 31, 1991, in order to allow full opportunity to brief and decide a summary judgment to be filed by defendant, the

court continued the case once again, to the October, 1991 trial list. On August 6, 1991 the court removed the case from the October, 1991 trial list to allow for proper disposition of the summary judgment motion, which was eventually granted in part and denied in part 777 F.Supp. 1214.

On March 2, 1992, the court placed the case on the June, 1992 trial list.

On May 12, 1992, Mercer filed a motion to amend the scheduling order requesting, *inter alia,* the opportunity to conduct the depositions of Michael Margeotes, Al Evans, John Franchiella and Edward Zubavitch, and leave to provide a copy of its expert's report on damages even though the deadline has passed. By Order dated June 1, 1992, the court reluctantly granted Mercer's motion and directed it to conduct the requested depositions on or before June 15, 1992, and to submit the report of its expert on damages on or before June 8, 1992. The Order also continued the trial to July 1992.

On June 9, 1992, Mercer filed a motion to amend its answer to plead the additional affirmative defense of breach of contract and a counterclaim for both breach of contract and to recover compensation for the use of its equipment by Technographics.

On June 29, 1992, Mercer filed a motion to continue the trial to the September 1992 trial list to allow time for discovery on the counterclaim. Defense counsel handed the motion to continue to the court during the final pretrial conference, which was being held June 29, 1992. The motion to amend and the motion to continue were informally argued orally during the conference, plaintiff opposing both motions, but seeking a four month continuance for additional discovery if the counterclaim was allowed. The court took both motions under advisement.

At the June 29 conference, plaintiff's counsel also requested, for the first time, that the court hold the trial in Scranton to accommodate numerous employee witnesses from plaintiff's Scranton facility. In view of the many other matters which require the court's continual attention, this request must regrettably be denied.

### 2. *Discussion*

■ In accordance with Fed.R.Civ.P. 15(a), which states that leave to amend "shall be freely given when justice so requires" Mercer's request to amend its answer to include the additional affirmative defense shall be granted. However, Fed.R.Civ.P. 13(f), not 15(a), governs the question of permitting the amended answer to include the omitted counterclaim. *Goldlawr, Incorporated v. Shubert,* 268 F.Supp. 965, 971 (E.D.Pa.1967). "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader by leave of court may set up the counterclaim by amendment." Fed.R.Civ.P. 13(f).

The instant matter is now more than three years old and the facts concerning the proposed counterclaim have been known to Mercer since the onset of this litigation. It is wholly apparent that Mercer's failure to plead a counterclaim was not caused by an oversight, inadvertence or excusable neglect. Therefore, this court need only determine whether justice requires that Mercer be permitted to plead its omitted counterclaim.

"Rule 13(f) is interpreted liberally, but 'it should not be construed as an open-ended mechanism for avoiding the timely filing of counterclaims arising out of a single transaction'". *Preferred Meal Systems v. Save More Foods, Inc.,* 129 F.R.D. 11, 13 (D.D.C. 1990) (quoting *Unispec Development v. Harwood K. Smith & Partners,* 124 F.R.D. 211, 213 (D.Ariz.1988)). Some of the relevant considerations for determining whether justice requires that the court allow the omitted counterclaim include the type of counterclaim, prejudice to the opposing party and delay of the trial for additional discovery. *See Spartan Grain & Mill Company v. Ayers,* 517 F.2d 214, 220–21 (5th Cir.1975).

■ In the case of a compulsory counterclaim, argument for allowing the omitted counterclaim is particularly compelling because res judicata may bar the claim in a subsequent proceeding. *Salomon, S.A. v.*

*Alpina Sports Corp.,* 737 F.Supp. 720, 721 (D.N.H.1990). Since Mercer's counterclaim "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim", it is compulsory. Fed.R.Civ.P. 13(a). However, while this factor militates towards allowing the omitted counterclaim, the remaining factors do not.

Technographics will be significantly prejudiced by the omitted counterclaim. As previously noted, this case is more than three years old and scheduled to be tried this month. In an affidavit, Technographics' attorney states that on two separate occasions, most recently on March 11, 1991, he was informed by Mercer that no counterclaim would be filed. Relying on this information, Technographics did not request any discovery concerning the issue of a possible counterclaim. Furthermore, Technographics maintains that if Mercer is permitted to pursue the counterclaim it would need a continuance until November 1992 to conduct the necessary discovery. "Unexcused delay, coupled with the probability that the addition of new claims would lead to a new wave of discovery, is ... an adequate basis for denying leave to amend." *Preferred Meal Systems v. Save More Foods, Inc.,* supra, 129 F.R.D. at 13 (quoting *Richardson Greenshields Sec. v. Mui–Hin Lau,* 113 F.R.D. 608, 611–12 (S.D.N.Y.1986)).

Moreover, circumstances which have led other courts to permit omitted counterclaims do not exist in the instant case. *See Spartan Grain & Mill Company v. Ayers,* supra (no additional discovery would be needed and no delay of the proceedings would result); *Salomon, S.A. v. Alpina Sports Corp.,* supra (plaintiff amended the complaint shortly before the defendant requested leave to file the omitted counterclaim).

Since Mercer has failed to demonstrate oversight, inadvertence or excusable neglect, and under the circumstances of this case justice does not require that Mercer be permitted to plead the omitted counterclaim, Mercer's motion to amend will be denied as to the counterclaim, and its motion to continue will likewise be denied. *See Preferred Meal Systems v. Save More Foods, Inc.,* supra (court denied defendant's motion for leave to amend answer to include omitted compulsory counterclaim more than three years after answer had been filed where defendant failed to demonstrate oversight, inadvertence or excusable neglect, and plaintiff would be prejudiced by a new wave of discovery and resulting delay).

NOW, THEREFORE, IT IS ORDERED THAT:

1. Defendant Mercer Corporation's motion (record document # 40, filed June 9, 1992) to amend its answer to include additional affirmative defenses and a counterclaim is granted as to the affirmative defenses and denied as to the counterclaim.

2. Defendant Mercer Corporation's motion (record document # 47, filed June 29, 1992) to continue the trial is denied.

3. A non-jury trial will commence Tuesday, July 14, 1992, in Courtroom No. 1 (if unavailable, Courtroom No. 2), at 9:30 a.m., Federal Building, 240 West Third Street, Williamsport, Pennsylvania. July 14, 15, 16, 17, 20, 21, 22, 23, 24 and 27 are set aside for the trial of this case.

4. The clerk is directed to fax a copy of this order to counsel this date.