**FEDERAL BEEF PROCESSORS, INC., Plaintiff,**

v.

**CBS INC.; CBS News Division, a division of CBS Inc.; 48 Hours; and Léendelle McClean, Defendants.**

Civ. No. 94–5009.

United States District Court,
D. South Dakota,
Western Division.

May 3, 1994.

See also 851 F.Supp. 1430.

Ronald W. Banks, Banks, Johnson & Colbath, Rapid City, SD, for plaintiff.

Steven J. Helmers, Craig A. Pfeifle, Lynn, Jackson, Shultz & Lebrun, Rapid City, SD, for CBS.

Jon LaFleur, LaFleur, LaFleur & LaFleur, Rapid City, SD, for McClean.

## ORDER GRANTING MOTION TO AMEND COMPLAINT

BATTEY, District Judge.

Pending is a motion by Federal Beef Processors, Inc. (Federal) seeking leave to amend its complaint. In this lawsuit, Federal asserts claims against CBS Inc. (CBS) and Leendelle McClean in relation to those defendants' alleged obtaining of a video recording of meat processing activity at Federal's plant in Rapid City.

Previously, Federal identified Leendelle McClean as the employee at Federal who had cooperated with CBS in obtaining the video recording. Subsequent to Federal's filing of its first complaint and first amended complaint, CBS provided affidavits from McClean, Ray Lum, and Robert Currie, an agent of CBS, which establish that it was Lum and no other Federal employee who helped CBS obtain the video recording. Federal's proposed second amended complaint would add Lum as a party defendant and would assert against Lum the same claims Federal previously asserted against McClean.[1]

Any party may amend a pleading once as a matter of right before a responsive pleading has been filed. Fed.R.Civ.P. 15(a). Once a responsive pleading has been filed, a party must seek leave of the court in order to amend. *Id.* Amendments of pleadings are to be freely given under Federal Rule of Civil Procedure 15(a). *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Wolgin v. Simon,* 722 F.2d 389, 394 (8th Cir.1983); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 694–95 (8th Cir.1981); and *Norbeck v. Davenport Community School Dist.,* 545 F.2d 63, 70 (8th Cir.1976), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977). Leave to amend should be denied only if some reason exists for denial such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility in allowing the amendment. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. *See Elema–Schonander, Inc. v. K.C.F. Medical Supply Co.,* 869 F.2d 1124, 1126 (8th Cir.1989).

A court should not deny leave to amend merely because it perceives that there is little likelihood that the claim will succeed on the merits. Instead, leave to amend should be given if the claim presented is colorable and leave to amend should be denied only where the claim to be added is frivolous or would clearly be subject to dismissal. *Karl's Inc. v. Sunrise Computers, Inc.,* 901 F.2d 657, 660 (8th Cir.1990); and *Buder,* 644 F.2d at 695. Based upon these standards, the Court grants Federal's motion to amend its complaint.

Federal also asks in its motion to amend that if the motion is granted, the Court remand the action back to state court because the addition of Lum will destroy complete diversity of citizenship among the adverse parties. *See* 28 U.S.C. § 1447(e) (stating that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction,

---

1. The Court also notes that the proposed second amended complaint would drop paragraphs 16– 18 of Federal's first amended complaint.

the court may deny joinder, or permit joinder and remand the action to the State court."). However, Federal's request for remand is based upon the premise that Federal, like Lum, is a resident of South Dakota. As discussed in a separate memorandum opinion, the Court finds Federal to be a resident of Minnesota. Therefore, the addition of Lum will not destroy this Court's subject matter jurisdiction and remand is not mandated pursuant to section 1447(e). *See* 28 U.S.C. §§ 1332, 1447(e).

■ Additionally, the Court notes that had Lum been a party defendant at the time of removal, removal would have been improper. Although there is complete diversity of citizenship between the adverse parties, Lum is a resident of South Dakota and this lawsuit was initiated in South Dakota. Section 1441(b) of Title 28 prohibits removing cases on the basis of diverse citizenship where one of the defendants is a resident of the forum state. However, Lum was not a party at the time this case was removed. At that time, the lawsuit consisted of Federal, a plaintiff which is a resident of Minnesota, and CBS, a defendant which is a resident of New York.[2] Accordingly, the case was properly removed. *See* 28 U.S.C. § 1441(b). Once properly removed, a case is "treated as though it had been commenced originally in the federal court." 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice & Procedure* § 3738 at 556–57 (1985). Therefore, since Lum's joinder does not destroy diversity of citizenship among the adverse parties, remand is not mandated by either section 1441(b) or 1447(e).

Based on the foregoing, it is hereby

ORDERED that Federal's motion to amend its complaint (Docket No. 35) is granted. Federal shall have until May 17, 1994, to file its second amended complaint with the Court.

Dated this 3d day of May, 1994.

---

**2.** McClean was also named as a party defendant but, as the Court discusses under separate memorandum opinion, 851 F.Supp. 1430, the Court finds McClean to be fraudulently joined. As such, McClean is ignored for purposes of determining the existence of diversity of citizenship at the time of removal.