### In re INDEPENDENT SERVICE ORGANIZATIONS ANTITRUST LITIGATION.

#### Civ. A. No. MDL–1021.

United States District Court, D. Kansas.

April 5, 1995.

P. John Owen, Lori R. Schultz, Morrison & Hecker, Kansas City, MO, Eric D. Braverman, Morrison & Hecker, Overland Park, KS, Michael C. Manning, Morrison & Hecker, Phoenix, AZ, and James A. Hennefer, San Francisco, CA, for plaintiffs.

Peter K. Bleakley, Arnold & Porter, Washington, DC, Peter W. Marshall, Xerox Corp., Stamford, CT, and Michael G. Norris, Norris & Keplinger, L.L.C., Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant's motion for leave to amend its answers and file counterclaims (MDL–1021 Doc. # 5). For the reasons set forth below, defendant's motion will be granted.

■ Defendant seeks leave to file an amended answer and to assert counterclaims alleging patent and copyright infringement and misappropriation of trade secrets. Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Rule 13(f) also addresses the filing of counterclaims by amendment when justice so requires. A motion to amend to add counterclaims should be granted where the motion is made in good faith, is timely, and will not result in prejudice to the opposing party. *Id.; First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir.1987).

Both sets of plaintiffs, Copier Services Unlimited ("CSU") and Acquisition Specialists, Inc. ("ASI"), oppose Xerox's motion, but for somewhat different reasons. CSU asserts that the addition of the counterclaims will prolong discovery and unduly confuse the jury. ASI raises those same concerns and,

in addition, challenges the validity of the counterclaims and raises release issues related to settlement of *R & D Business Systems, et al. v. Xerox Corporation*, No. 2–92 CV 042 (E.D.Tx.) (the "R & D litigation").

Before we launch into an analysis of the relative merits of the parties' positions, we note that we are only dealing with the discovery phase of the litigation at this juncture. Plaintiffs' concerns that amendment will cause jury confusion and make trial more difficult can be dealt with by bifurcation of the trial, if necessary.

■ Both sets of plaintiffs allege prejudice in extended and prolonged discovery resulting from the addition of complex legal and factual issues if Xerox is permitted to raise its intellectual property claims as counterclaims in the instant suits. However, we do not believe that discovery will be unduly protracted by the addition of the counterclaims in the instant case. Much, if not all, of the evidence relevant to the counterclaims is arguably also relevant to the following issues: 1) whether plaintiffs suffered a legal injury, *Consolidated Express, Inc. v. New York Shipping Ass'n, Inc.*, 452 F.Supp. 1024, 1034 (D.N.J.1977); *Mason City Tent & Awning Co. v. Clapper*, 144 F.Supp. 754, 770 (W.D.Mo.1956); 2) damages, *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 140, 88 S.Ct. 1981, 1985, 20 L.Ed.2d 982 (1968) (wrongful acts by plaintiff can not be raised as a defense to completely bar plaintiff's antitrust action, but "can of course be taken into consideration in computing damages"); *United States Football League v. National Football League*, 842 F.2d 1335, 1369 (2d Cir.1988); *First Beverages, Inc. v. Royal Crown Cola Co.*, 612 F.2d 1164, 1175 (9th Cir.), *cert. denied*, 447 U.S. 924, 100 S.Ct. 3016, 65 L.Ed.2d 1116 (1980); *Pearl Brewing Co. v. Joseph Schlitz Brewing Co.*, 415 F.Supp. 1122, 1131 (S.D.Tex.1976); and 3) for impeachment, *Memorex Corp. v. International Business Machines Corp.*, 555 F.2d 1379, 1384 n. 8 (9th Cir.1977) (evidence about plaintiff's wrongful conduct is admissible to impeach).

■ Plaintiffs also assert that amendment should be denied because Xerox's counterclaims are distinct and unrelated to the plaintiffs' antitrust claims in that they differ in time, factual scope, and legal bases. Plaintiffs argue that because unclean hands is no defense to antitrust violations, defendant is precluded from raising its counterclaims alleging plaintiffs' wrongful acts with regard to defendant's patents, copyrights, and trade secrets. We have already held that defendant may not raise unclean hands as a defense to bar plaintiffs' antitrust claims either for damages or injunctive relief. Memorandum and Order, April 5, 1995. However, this does not preclude defendant from bringing a counterclaim, rather than a separate action, to enforce its legal rights. *See Kiefer–Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214, 71 S.Ct. 259, 261, 95 L.Ed. 219 (1951) (stating that defendants not entitled to use an in pari delicto defense as a complete bar to plaintiff's claims, but can always enforce their rights in a separate action); *Memorex*, 555 F.2d at 1382–83 ("proper course ... would have been to assert a counterclaim").

As for plaintiffs' allegations that defendant's claims are distinct in time because they did not arise until recently, we note that both sets of plaintiffs have alleged ongoing violations by Xerox. We need not resolve the legal question of how much Xerox's counterclaims overlap plaintiffs' antitrust claims at this point. There is at least some overlap between Xerox's claims and plaintiffs' allegations of continuing violations.

Plaintiffs argue that Xerox's motion to amend is untimely because Xerox has known the facts relevant to the counterclaims (i.e., that ISOs were remanufacturing and reselling Xerox products and using diagnostic software to conduct repairs), for years. They assert that these claims could have been raised in the *R & D* litigation or in defendant's original complaint in the instant suit. Further, plaintiffs argue that MDL transfer would have been denied if Xerox's counterclaims had been pending when Xerox brought the section 1407 motion to transfer, a motion opposed by both sets of plaintiffs.

Xerox's only explanation for the timing of their instant motion to amend is that a "recent factual investigation" revealed the infor-

mation relevant to its proposed counterclaims. Although this explanation is questionable and somewhat dissatisfying, there is no concrete evidence that Xerox is acting in bad faith in bringing the motion to amend at this time. Contrary to plaintiffs' allegations, the presence of Xerox's proposed counterclaims would not have precluded the MDL transfer. *See In re Data Gen. Corp. Antitrust Litig.,* 510 F.Supp. 1220, 1225 (J.P.M.L. 1979) (consolidating antitrust cases brought by ISOs and others in which the defendant asserted trade secret and patent infringement counterclaims); *In Re Uranium Indus. Antitrust Litig.,* 458 F.Supp. 1223, 1230 (J.P.M.L.1978) ("the presence of claims and counterclaims unrelated to [one of the] actions ... does not militate against transfer under § 1407.").

■ The ASI plaintiffs contend that Xerox released them from liability on any potential claims that could have been raised in the R & D litigation in the R & D settlement agreement. Assuming without deciding that the release had the effect of releasing Xerox's existing claims against the ASI plaintiffs, the language of the release as provided by the ASI plaintiffs only reaches claims

> actually asserted in this [the R & D] lawsuit or that could have been asserted arising out of any act or omission that occurred prior to the date of this Settlement Agreement that is in whole or in part the subject matter of the claims and defenses asserted in the Litigation.

It does not appear that Xerox released the ASI plaintiffs from any claims arising since the settlement agreement. The ASI plaintiffs' claims extend beyond the date of the *R & D* release—their complaint alleges continuing and ongoing violations by Xerox. Accordingly, the release does not justify denying Xerox leave to bring the counterclaims.

■ Finally, the ASI plaintiffs state that the proposed counterclaims apply to only a small number of ASI plaintiffs (for example, five of twenty-one plaintiffs with regard to proposed Count 1). They contend that allowing counterclaims will unduly complicate the case and prejudice the majority of plaintiffs to whom the counterclaims do not apply. Xerox responds that it is unclear without discovery which plaintiffs are presently infringing Xerox's intellectual property rights. Based on only Mr. Hennefer's affidavit, we cannot determine at this juncture which plaintiffs are subject to Xerox's infringement allegations or whether, in fact, the counterclaims are limited to a small number of ASI plaintiffs. Bifurcation can be considered at the trial phase to address any prejudice to plaintiffs who are not subject to the counterclaims—breadth of application of the counterclaims is not grounds for denying leave to amend at this early discovery stage.

■ In a similar vein, the ASI plaintiffs challenge the legal and factual sufficiency of the proposed counterclaims and argue, in effect, that amendment would be futile. Whether an amendment is futile is evaluated in terms of whether the proposed claims would survive a Rule 12(b)(6) motion to dismiss. *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (citing *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at 230). Taking the facts alleged in Xerox's counterclaims as true, we cannot determine, based on the present record, that Xerox's proposed amendment would be futile.

In sum, plaintiffs have not established that they will be unduly prejudiced by the proposed amendment. Defendant's original answer contained allegations of plaintiffs' wrongful conduct as affirmative defenses. *See Lucasarts Entertainment Co. v. Humongous Entertainment Co.,* 870 F.Supp. 285, 288 (N.D.Cal.1993); *Linear Films of Oklahoma, Inc. v. Mobil Oil Corp.,* 22 U.S.P.Q.2d 1380, 1991 WL 360482 (N.D.Okla.1991) (granting motion to amend to assert counterclaims where plaintiff was on notice of claims based on affirmative defenses).

After careful analysis of all the competing considerations with regard to each party, the court concludes that in the interest of justice, defendant should be granted leave to amend. Although we acknowledge the complicated nature of defendant's intellectual property claims, we believe that for the present purposes of discovery, the proposed counterclaims are sufficiently related to the main claims to justify amendment.

IT IS THEREFORE ORDERED that defendant's motion for leave to amend its answers and file counterclaims (MDL–1021 Doc. # 5) is granted.