Earl S. FIELDS, Plaintiff,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Terry Reardon, Burton L. Buser, Paul Hoferer and John Does 1–10, Defendants.

Linda McVICKER, Plaintiff,

v.

Burton L. BUSER and John Does 1–10, Defendants.

Civil Action Nos. 95–4026–DES, 95–4027–DES.

United States District Court, D.Kansas.

May 15, 1996.

Jean A. Lamfers, Lamfers & Maneke, L.C., Kansas City, MO, for plaintiff.

Nola Wright Viola, Frieden, Haynes & Forbes, James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS,

Paul R. Hoferer, Fort Worth, TX, for Atchison, Topeka and Santa Fe Railway Company.

Nola Wright Viola, Frieden, Haynes & Forbes, James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Terry Reardon.

Jonathan B. Phelps, Phelps—Chartered, Topeka, KS, for Burton L. Buser.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Paul Hoferer.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiff Earl S. Fields' Motion to Dismiss Defendant Buser's Counterclaim (Doc. 141, Case No. 95–4026).

### I. BACKGROUND

Plaintiff Fields asserts claims for violations of the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510–2522 and the Kansas Wiretap Act, Kan.Stat.Ann. § 22–

2518, and for common law invasion of privacy. Mr. Fields alleges that defendant Buser illegally recorded or caused to be recorded certain telephone conversations between the plaintiff and Linda McVicker, the plaintiff in consolidated Case No. 95–4027–DES. According to the plaintiff, Mr. Buser sent copies of the tapes to various persons and to the plaintiff's employer, the defendant Atchison, Topeka and Santa Fe Railway Company. Plaintiff Fields alleges that based on the content of the tapes, Santa Fe, through its representatives Terry Reardon and Paul Hoferer, wrongfully terminated his job. The plaintiff also claims that Mr. Buser circulated at Santa Fe, or caused to be circulated, defamatory fliers concerning the plaintiff.

Mr. Fields filed his original complaint on February 13, 1995. Mr. Buser filed his answer on April 24, 1995. On September 1, 1995, the plaintiff moved the court to grant the parties an extension of time in which to amend pleadings. The court granted the plaintiff's motion, and extended the deadline for amendments to pleadings from September 1, 1995, to October 1, 1995. On October 2, 1995, the plaintiff moved the court for leave to file an amended complaint. The court again granted the plaintiff's motion, and the plaintiff filed his first amended complaint on October 26, 1995.

On December 26, 1995, Mr. Buser filed an answer to the plaintiff's first amended complaint and a counterclaim. The defendant states claims for invasion of privacy and outrageous conduct, alleging that Mr. Fields telephoned him on numerous occasions in January 1995, and communicated harassing words and death threats to him and his family. The defendant asserts that his counterclaim arises out of the same operative facts as the plaintiff's amended complaint.

On January 29, 1996, Mr. Fields filed the instant motion seeking to dismiss the defendant's counterclaim. The plaintiff contends that because his amended complaint did not contain any new allegations involving Mr. Buser, the defendant was required to raise his counterclaim at the time he filed his original answer on April 24, 1995.

## II. *DISCUSSION*

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Fed. R.Civ.P. 13(a). Rule 13(f), however, provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). Whether to grant a party's motion to amend its answer to assert a counterclaim is within the discretion of the district court. *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518 (10th Cir.1990).

Mr. Fields argues that Mr. Buser's failure to plead his counterclaim at the time he filed his original answer was not due to oversight, inadvertence, or excusable neglect. The plaintiff ignores, however, the alternative basis for a Rule 13(f) amendment, i.e., "when justice requires." The clause "or when justice requires" represents an independent ground upon which the court may grant leave to set up a counterclaim by amendment. *Smith Contracting Corp. v. Trojan Constr. Co.,* 192 F.2d 234, 236 (10th Cir.1951). Relevant considerations for determining whether justice requires the court to allow an omitted counterclaim include the type of counterclaim, prejudice to the opposing party, and delay of the trial for additional discovery. *Technographics, Inc. v. Mercer Corp.,* 142 F.R.D. 429, 430 (M.D.Pa.1992).

The first factor, the type of counterclaim, militates toward allowance of the defendant's counterclaim. The parties agree that the defendant's counterclaim is compulsory, and that the defendant must therefore raise his claim in the present action or lose it forever. *NLRB v. Dutch Boy, Inc., Glow Lite Div.,* 606 F.2d 929, 932 (10th Cir.1979); *see also* 6 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1430, at 223 (2d ed. 1990) (the reasons for allowing introduction of compulsory counterclaim by amendment are persuasive).

The second factor, prejudice to the opposing party, also weighs in favor of the defendant. The plaintiff asserts that it is not fair

to permit the defendant to bring his counterclaim on December 26, 1995, in light of the fact that the close of discovery was set for January 25, 1996. On the same day that the plaintiff filed his motion to dismiss, however, the court extended the discovery deadline to March 31, 1996. The court also notes that Mr. Fields had not yet taken Mr. Buser's deposition at the time that the defendant filed his counterclaim.

Mr. Fields directs the court's attention to Mr. Buser's June 7, 1995, Rule 26 disclosures, which refer to the alleged facts supporting the defendant's counterclaim. The plaintiff argues that the disclosures indicate that the defendant was aware of the basis for his counterclaim early on, and that the court should not permit the defendant to circumvent the federal rules by bringing his claim at this late date.

Mr. Buser maintains, however, that subsequent discovery provided him with corroboration of his allegations. While the defendant's explanation for omitting his counterclaim is not totally convincing, there is no actual evidence that the defendant has acted in bad faith. *See In re Independent Serv. Orgs. Antitrust Litig.*, 161 F.R.D. 107, 108 (D.Kan.1995) (motion to amend to add counterclaim should be granted where the motion is made in good faith, is timely, and will not result in prejudice to the opposing party). Moreover, because the defendant's Rule 26 disclosures put the plaintiff on notice of the defendant's claim, the plaintiff cannot profess to be surprised by the counterclaim. *See id.* at 110 (citing *LucasArts Entertainment Co. v. Humongous Entertainment Co.*, 870 F.Supp. 285, 288 (N.D.Cal.1993) (granting motion to amend to assert counterclaim where plaintiff was on notice of claim based on affirmative defenses)). The plaintiff has failed to show that he would suffer prejudice if the court allows the defendant's counterclaim.

Finally, Mr. Buser's counterclaim should not cause any delay of the trial in this case, which is not scheduled until August 1996. The court concludes that in the interest of justice, the defendant should be permitted to pursue his counterclaim.[1]

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion to Amend (Doc. 156, Case No. 95–4026) is granted.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Dismiss Defendant Buser's Counterclaim Against Plaintiff Fields (Doc. 141, Case No. 95–4026) is denied.

---

1. We note that the defendant filed his counterclaim without first seeking leave of court as required by Rule 13(f). In his reply to the plaintiff's motion to dismiss, the defendant asks the court to treat his filing of the counterclaim as a motion for leave to set up his counterclaim, and cites *Earle M. Jorgensen Co. v. T.I. United States, Ltd.*, No. Civ. A. 90–2024, 1991 WL 155533, at *1 (E.D.Pa. Aug. 2, 1991), in support thereof. Alternatively, the defendant now moves the court for leave to file his counterclaim. The court grants the defendant's motion. *See Salomon S.A. v. Alpina Sports Corp.*, 737 F.Supp. 720, 722 (D.N.H.1990) (granting defendants' motion for leave to file counterclaim, where defendants did not seek leave until after plaintiffs had filed motion to dismiss the counterclaim).