**Toni TOTH, Plaintiff,**

v.

**David GLAZER and Prudential Preferred Properties, Defendants.**

Civ. A. No. 94–C–1294.

United States District Court,
E.D. Wisconsin.

Oct. 20, 1995.

Lynne M. Mueller, Hale & Lien; Milwaukee, WI, for Plaintiff.

Jeffrey P. Patterson, Waukesha, WI, for Prudential.

Steven M. Epstein, Milwaukee, WI, for Glazer.

## ORDER

REYNOLDS, District Judge.

■ On September 15, 1995, six weeks before trial, Prudential Preferred Properties ("Prudential") moved to amend its answer. Prudential now wishes to plead affirmative defenses that a seniority system, a merit system, a system that measures pay by quantity or quality of work, or other legitimate factors, not gender, caused any disparities in wages. In support of its position, Prudential argues that the plaintiff had notice of the amendment since July 28, 1995, when Prudential raised these issues in its summary judgment motion. Prudential also argues: "We wish the real issues in this matter to be tried and adjudicated. We ask that we not be precluded from a trial on the merits due to a procedural stumbling block." (Def.'s Br. at 2).

All sorts of procedural stumbling blocks—like a statute of limitations—may preclude a court from reaching substantive issues. Usually, however, the procedural requirements are not to blame; rather, the party's own choices or negligence is the real culprit. Prudential correctly concedes that its amendments are affirmative defenses. *Fallon v. State of Illinois*, 882 F.2d 1206 (7th Cir. 1989). Therefore, Prudential was supposed to plead all affirmative defense in its answer. Fed.R.Civ.P. 8(c). By omitting those affirmative defenses, Prudential may amend its answer only when justice so requires. Fed. R.Civ.P. 15(a). Prudential has failed to show that justice requires the amendment because Prudential's own actions place it in its current position. When weighed against the prejudice to the plaintiff and the court, justice requires that the court deny the motion.

Although Prudential knew about its defenses before July 28, 1995, it waited almost two more months before moving to amend its answer. Furthermore, its motion omitted the proposed amended answer. That alone forces the court to deny the motion; the

court can determine what justice requires only when it knows exactly what the defendant is pleading.

By failing to plead its affirmative defenses, Prudential denied the plaintiff the opportunity to develop a strategy and conduct discovery to oppose those defenses. Although the plaintiff may have known about the affirmative defenses by late July, this *de facto* notice is irrelevant. Because discovery had already closed, the plaintiff could not conduct additional discovery. Because Prudential did not formally move to amend its answer at that time (and it gives no reason for its six-week delay), the plaintiff could not move to reopen discovery; the plaintiff's motion would have been based on an act (the filing of an amended complaint) that had not occurred. Perhaps the plaintiff could have moved for a continuation under Fed.R.Civ.P. 56(c), but it is not the plaintiff's responsibility to clarify Prudential's pleadings. Now, reopening discovery would force the court to adjourn the trial.

Nor can the court accept Prudential's fears of procedural roadblocks that preclude a trial on the merits. Prudential has no reason for its failure to plead the defenses. Prudential's discovery did not reveal these defenses. All of the evidence for the defenses is in Prudential's possession. By reading the statute and looking at its own procedures, Prudential should have been aware of the defenses from the time the complaint was filed.

■ The court freely gives leave to amend an answer when justice so requires. Although the standard to amend is lenient, it excludes cases where the defendant's own decisions and actions alone caused the failure to plead the defense in the first instance and to delay amending the answer until just before trial in the second instance. An amendment here would prejudice the plaintiff either by denying them discovery or by adjourning the case. In addition, an adjournment is contrary to this court's goal of promoting efficient and fair resolutions of cases. This case was filed in 1994; we are now approaching 1996. If the court allows this amendment, this case will take another year to resolve. Simply, this issue is timeliness,

timeliness the defendant's motion lacks. The court denies the motion.

**SO ORDERED.**