Ken SWANSON, Jeanne Swanson, and
Arthur Kellogg, Plaintiffs,

v.

Mike VAN OTTERLOO, individually and as Sheriff of Plymouth County, Plymouth County, a governmental entity, Tom Bice, Dick Moritz, and Craig Bartolozzi, Defendants.

No. C 96–4053–MWB.

United States District Court,
N.D. Iowa,
Western Division.

Jan. 31, 1998.

J. Russell Hixson, Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, IA, for Plaintiffs.

G. Daniel Gildemeister, Michelle R. Sherman, Steven J. Andreasen, Gildemeister, Willia & Keanne, L.L.P., Sioux City, IA, for Defendants.

## MEMORANDUM OPINION AND ORDER ON APPEAL OF RULING

BENNETT, District Judge.

As a federal district court judge cogently observed more than a decade ago, "The Magistrate's Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). However, should defendants be precluded by a deadline for motions to amend pleadings in such a scheduling order from asserting an affirmative defense simply because they only "discovered" that defense while preparing a motion for summary judgment several months after the deadline for amendments had expired? A magistrate judge of this district denied the defendants' motion for leave to amend in these circumstances. The defendants have filed a notice of appeal, asserting that the magistrate judge erred in denying them leave to amend, because the plaintiffs can show no prejudice from permitting the belated amendment. That appeal is now before the court.

On January 14, 1998, the defendants in this action pursuant to 42 U.S.C. § 1983 filed a notice of appeal of an oral ruling of Magistrate Judge Paul A. Zoss in which Judge Zoss denied the defendants' January 7, 1998, motion for leave to amend to assert an additional affirmative defense of qualified immunity. Judge Zoss entered a written ruling on January 16, 1998, stating his grounds for denying the defendants' motion. In that written ruling, Judge Zoss noted that the deadline for amending pleadings was March 28, 1997, the extended discovery deadline was January 31, 1998, and trial was scheduled to begin on March 9, 1998. The defense the defendants were seeking to add had not previously been pleaded, although the defendants had been permitted to add other affirmative defenses in October of 1997, also well after the deadline for amendments.

Judge Zoss rejected the defendants' reliance on this court's ruling in *Cooperative Finance Ass'n v. Garst,* 917 F.Supp. 1356 (N.D.Iowa 1996), which permitted belated assertion in a resistance to a motion for summary judgment of an affirmative defense not previously pleaded. Judge Zoss found *Garst* was distinguishable, because the defendants here first raised the affirmative defense of qualified immunity in their motion for summary judgment only four months before trial, as opposed to fifteen months in *Garst,* and did not seek to amend their answer until just two months before trial, not twelve months, as in *Garst.* Judge Zoss also concluded that the plaintiffs would be prejudiced by any delay to trial as the result of a need to

extend discovery or as the result of any interlocutory appeal of denial of defendants' motion for summary judgment on the merits of their qualified immunity defense. Judge Zoss also observed that the defendants have no real justification for their delay in asserting the defense, because it was difficult to accept the excuse that counsel had only discovered the defense while preparing the motion for summary judgment. Judge Zoss was of the opinion that an attorney defending an employment case against government employees should have known at the time the case was filed that qualified immunity was a potential defense.

The defendants contend that Judge Zoss erred in denying their motion for leave to amend, again relying on *Garst*, because the plaintiffs had adequate notice of the affirmative defense before beginning discovery depositions on December 17, 1997, and the plaintiffs had seized the opportunity to argue against the viability of the qualified immunity defense in their resistance to the defendants' motion for summary judgment. Therefore, the defendants claim the plaintiffs can demonstrate no prejudice or surprise from allowing the amendment, however belated.

Although the defendants state that their appeal of Judge Zoss's ruling is brought pursuant to FED.R.CIV.P. 74—perhaps a typographical error—that certainly cannot be the case here. Rule 74 provides the method for appeal of matters in cases in which the parties have elected to proceed by appeal to a district judge from an appealable decision made by a magistrate judge under the consent provisions of 28 U.S.C. § 636(c)(4). FED.R.CIV.P. 74(a). The parties have not consented this case to Judge Zoss. Rather, Judge Zoss ruled on a pretrial matter—a motion for leave to amend—in a case that remains assigned to the undersigned district court judge. As such, the defendants' appeal of Judge Zoss's ruling denying their motion for leave to amend their answer lies under FED.R.CIV.P. 72.

The proper rule for appeal of the present ruling of a magistrate judge provides as follows:

> (a) Nondispositive matters. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. *The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.*

FED.R.CIV.P. 72. Although defendants have cited the wrong rule as the basis for their appeal, it is apparent that they assert that Judge Zoss's denial of the motion for leave to amend was clearly erroneous or contrary to law.

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, affirmative defenses such as qualified immunity are to be pleaded in responsive pleadings to the complaint. FED. R.CIV.P. 8(c); *Garst*, 917 F.Supp. at 1385 (citing cases holding that failure to plead an affirmative defense in an answer waives or forecloses the defense). Because the affirmative defense of qualified immunity was not initially pleaded as required, this court's determination of whether Judge Zoss's ruling was clearly erroneous or contrary to law begins with the law governing leave to amend the answer to assert the defense. Rule 15(a) of the Federal Rules of Civil Procedure provides that, except in circumstances not present here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). As this court has noted,

> The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). Federal courts have generally and consistently recognized that

the rules governing the amendments of pleadings are to be construed liberally. *Standard Title Ins. Co. v. Roberts,* 349 F.2d 613, 622 (8th Cir.1965). The leave sought should be "freely given" in the absence of any justifiable reason for denial of the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

*Hanson v. Hancock County Mem. Hosp.,* 938 F.Supp. 1419, 1430 (N.D.Iowa 1996); *Hancock v. Thalacker,* 933 F.Supp. 1449, 1470–71 (N.D.Iowa 1996); *Quality Refrigerated Servs., Inc. v. City of Spencer, Iowa,* 908 F.Supp. 1471, 1488–89 (N.D.Iowa 1995). Furthermore,

> In interpreting the liberal policy underlying motions to amend pursuant to *FED. R.CIV.P.* 15(a), the United States Court of Appeals for the Eighth Circuit has used terms nearly identical to those used by the Supreme Court in the *Foman* decision, stating that
>
> > [u]nder this policy, only limited circumstances justify a district court's refusal to grant leave to amend pleadings; undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.... This court will review the district court's refusal to grant leave to amend under the abuse of discretion standard. *Norbeck v. Davenport Community School District,* 545 F.2d 63, 70 (8th Cir.1976), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).

*Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987) (citation omitted); *see also Fuller v. Secretary of Defense of U.S.,* 30 F.3d 86, 88 (8th Cir.) ("Leave to amend should be granted absent a good reason for the denial, such as undue delay, bad faith, undue prejudice to the nonmoving party, or futility," citing *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989)), *cert. denied,* [513] U.S. [1019], 115 S.Ct. 583 [130 L.Ed.2d 497] (1994); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 225 (8th Cir.1994) ("Good reason to deny leave to amend exists if the amendment would be futile," citing *Foman,* 371 U.S. at 182, 83 S.Ct. at 230, and *Thompson–El,* 876 F.2d at 67); *Costello, Porter, Hill, Heisterkamp & Bushnell v. Providers Fidelity Life Ins. Co.,* 958 F.2d 836, 839 (8th Cir.1992); *Standard Title,* 349 F.2d at 622.

*Hanson,* 938 F.Supp. at 1431 n. 5; *Hancock,* 933 F.Supp. at 1470–71; *Quality Refrigerated Servs., Inc.,* 908 F.Supp. at 1489.

Turning to the specific question of whether a court should permit belated attempts to add affirmative defenses not previously pleaded, this court noted in *Garst* that the answer to this question also turns on whether there is prejudice to the opposing party arising from lack of notice of the affirmative defense or impracticability of mounting a response to it in the time before trial. *Garst,* 917 F.Supp. at 1385 (citing *Financial Timing Publications, Inc. v. Compugraphic Corp.,* 893 F.2d 936, 944 n. 9 (8th Cir.1990), as holding that an affirmative defense may be raised for the first time on summary judgment if no prejudice or surprise is caused to the nonmoving party, because "technical failure to comply with Rule 8(c) is not fatal"). Other courts, including our own circuit court of appeals, agree. *See, e.g., Stoebner v. Parry,* 91 F.3d 1091, 1093 (8th Cir.1996) (*per curiam*) ("We reject Stoebner's argument that the bankruptcy court improperly allowed Parry, Murray to raise collateral estoppel in its summary judgment motion because Stoebner has failed to show that he lacked notice of the defense, or that Parry, Murray's delay prejudiced his ability to respond," citing *Sanders v. Department of the Army,* 981 F.2d 990, 991 (8th Cir.1992) (*per curiam*), and *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993), as upholding the grant of leave to amend where there was no prejudice to the opposing party, and comparing *Sayre v. Musicland Group, Inc.,* 850 F.2d 350, 355 (8th Cir.1988), which held that there was no error in denying leave to amend an answer to include an affirmative defense where the plaintiff was prejudiced); *Gagan v. American Cablevision, Inc.,* 77 F.3d 951, 968 (7th Cir.1996) (reviewing a motion for leave to amend an answer for abuse of dis-

cretion and finding none where the defendant had delayed for over two years in seeking relief from the court on his purported defense of discharge in bankruptcy and did not raise the defense until the eve of trial); *Defender Indus., Inc. v. Northwestern Mut. Life Ins. Co.,* 938 F.2d 502, 508 (4th Cir.1991) (mere delay, when unaccompanied by actual prejudice, bad faith, or futility, does not justify the denial of leave to amend an answer to assert an affirmative defense).

Some courts hold that significant delay in asserting the affirmative defense, standing alone, is enough to deny a belated request for leave to amend an answer. *See Cruz v. Root,* 932 F.Supp. 66, 68 (W.D.N.Y.1996) (stating that a three-year delay in seeking to amend an answer to assert an affirmative defense, without any explanation for the delay, "alone provides a sufficient basis to deny the motion," citing *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990)).[1] However, as noted above, most courts hold that mere delay that is not accompanied by actual prejudice, bad faith, or futility, is not sufficient ground to deny leave to amend an answer to assert an affirmative defense. *See also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1488 (citing cases supporting the proposition that unjustified delay alone, without any concomitant prejudice, does not provide a sufficient reason to deny leave to amend).

■ In this case, the undersigned can find nothing clearly erroneous or contrary to law in Judge Zoss's conclusions that the defendants unduly delayed seeking leave to amend their answer to assert the affirmative defense of qualified immunity. *See Hanson,* 938 F.Supp. at 1430–31 & n. 5 (noting that undue delay is one ground for denying leave to amend cited in *Foman,* 371 U.S. at 182, 83 S.Ct. at 230, and *Sanders,* 823 F.2d at 216); *Hancock,* 933 F.Supp. at 1470–71 (same); *Quality Refrigerated Servs., Inc.,* 908 F.Supp. at 1489 (same). The motion for

leave to amend came more than eight months after expiration of the applicable deadline in the scheduling order, two months after the defense was first raised in a motion for summary judgment, and only two months prior to trial.

Nor was Judge Zoss clearly erroneous in finding there was no satisfactory explanation for the delay, based on counsel's "discovery" of qualified immunity only at the time the summary judgment motion was filed. As the Second Circuit Court of Appeals has observed, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, and the court is free to conclude that ignorance of the law is an unsatisfactory excuse." *Cresswell,* 922 F.2d at 72 (citations omitted). Where the plaintiff did not seek to assert a claim pursuant to New York Judiciary Law § 487 "until ... more than 17 months after bringing suit, more than six months after filing their second amended complaint, and more than one month after responding to the motion for summary judgment," and more that two months after completing discovery, and "[t]he only excuse offered for the delay was that plaintiffs' counsel had been unaware of § 487," the district court did not abuse its discretion in denying leave to amend on the ground that § 487 was hardly new, because it had been in effect for two decades, and the defendants were prejudiced by the inordinate delay in seeking leave to amend. *Id.* Similarly, professed ignorance of a qualified immunity defense can hardly be countenanced. Furthermore, Judge Zoss correctly noted that the defendants had previously been granted leave to amend their answer, also after expiration of the applicable deadline, but had failed to assert the new affirmative defense. *See Hanson,* 938 F.Supp. at 1430 (repeated failure to cure deficiencies by amendments previously allowed is a ground for denial of leave to amend identified in *Foman,* 371 U.S. at 182, 83 S.Ct. at 229–30); *Hancock,* 933 F.Supp. at 1470–71 (same);

**1.** This court notes that in *Cresswell,* upon which the district court in *Cruz* relied, the Second Circuit Court of Appeals actually stated the requirement in a manner more in accord with other circuit courts of appeals, stating that the district court has discretion "to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, *and the amendment would prejudice the defendant." Cresswell,* 922 F.2d at 72 (emphasis added).

*Quality Refrigerated Servs., Inc.,* 908 F.Supp. at 1489 (same).

Thus, the question becomes whether Judge Zoss erred in finding that allowing the amended answer now to assert an affirmative defense not previously pleaded was prejudicial to the plaintiff. *Garst,* 917 F.Supp. at 1385. *Accord Stoebner,* 91 F.3d at 1093 (concluding an affirmative defense could be raised in a summary judgment motion because the opposing party had failed to show that he lacked notice of the defense, or that the delay of the party belatedly asserting the defense prejudiced the opposing party's ability to respond). The court is not persuaded that Judge Zoss could properly rely on delay caused by any interlocutory appeal of the qualified immunity question, in part because such a delay, which Judge Zoss opined might occur if summary judgment on the ground of qualified immunity was denied, is too speculative. Nor does this court believe that prejudice can arise from an interlocutory appeal, when a party has a right to seek, although not necessarily to obtain, such an appeal. *See* 28 U.S.C. § 1292(b) (a party may move for interlocutory appeal and acceptance of such an appeal is in the discretion of the court of appeals).

■ However, the court finds that Judge Zoss properly identified other kinds of prejudice justifying denial of leave to amend. Prejudice, in this context, generally includes reopening discovery or forcing the court to continue the trial. *See, e.g., National Liberty Corp. v. Wal–Mart Stores, Inc.,* 120 F.3d 913, 917 (8th Cir.1997) (where the defendant did not seek leave to amend to add a counterclaim until three months after expiration of the deadline for amendments, without an explanation for the untimeliness of the motion, the district court properly denied the motion on the basis of the prejudice arising from the need to reopen discovery); *Phelps v. McClellan,* 30 F.3d 658, 662–63 (6th Cir.1994) (prejudice to the opposing party, in the context of grounds for denial of leave to amend, includes whether the amendment asserts a new claim or defense that would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial, significantly delay resolution of the

dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction); *Ashe v. Corley,* 992 F.2d 540, 543 (5th Cir. 1993) (noting that, while delay alone is not sufficient ground to deny leave to amend, adding a new cause of action shortly before trial was prejudicial to the opposing party); *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (although mere delay is not enough to deny leave to amend, leave may be denied when a new claim requires the opponent to expend significant resources to conduct discovery and prepare for trial, would significantly delay resolution of the dispute, or would prevent the plaintiff from bringing an action in another jurisdiction); *Toth v. Glazer,* 163 F.R.D. 549, 550 (E.D.Wis.1995) (reopening discovery and forcing continuation of trial constituted prejudice sufficient to deny belated leave to amend to assert an affirmative defense not previously pleaded). Prejudice may also inhere in denying the plaintiff the opportunity to develop a strategy to oppose the defense, or in permitting an amendment that changes the issues or nature of the case. *See Elema–Schonander, Inc. v. K.C.F. Medical Supply Co., Inc.,* 869 F.2d 1124, 1125 (8th Cir.1989) (repeated tardiness of responses to discovery and other deadlines coupled with a late-filed motion to amend to assert an answer that would alter the "posture and complexion" of the case constituted prejudice sufficient to deny leave to amend); *Toth,* 163 F.R.D. at 550; *cf. Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224–25 (8th Cir.1994) (prejudice to new defendants of adding them as parties only shortly before trial and prejudice and further delay of trial for existing parties precluded leave to make a belated amendment to the complaint). The opposing party may be prejudiced even where it had *de facto* notice of the defense, even though not pleaded, because "it is not the plaintiff's responsibility to clarify the [defendant's] pleadings" or to act on the assumption that the defense will eventually be properly asserted. *Toth,* 163 F.R.D. at 550.

Here, Judge Zoss correctly identified delays arising from the need for additional discovery and the likely continuance of the trial, set for March 9, 1998, if the amendment was allowed at this late date. Although the

discovery deadline has not yet expired, precious little time remains to conduct meaningful discovery on a new issue. Although discovery remained open when the motion for leave to amend was ultimately filed, the plaintiffs were not required to hypothesize that the court would ultimately grant leave for the amendment and to govern their discovery accordingly. *See Toth,* 163 F.R.D. at 550. Furthermore, allowing the amendment would likely require a continuation of the trial, *Phelps,* 30 F.3d at 662–63 (prejudice includes the delay of disposition of the action or continuance of the trial); *Ashe,* 992 F.2d at 543 (same); *Block,* 988 F.2d at 350 (same); *Toth,* 163 F.R.D. at 550 (same), and such a continuation would likely be for months rather than days or weeks, because of this court's busy trial schedule through the late winter and spring of this year.

Perhaps more importantly, if the amendment was allowed at this late stage of the proceedings, the plaintiffs would have no opportunity to revise their litigation strategy to match the new complexion of the case. At oral argument, the plaintiffs pointed out that throughout the course of this litigation, they have made strategy decisions premised on their belief that the defendants were not raising the affirmative defense of qualified immunity. To allow the defendants to assert the defense on the eve of trial would be prejudicial to the plaintiffs in this regard.

Defendants' appeal is therefore **overruled** and Judge Zoss's January 16, 1998, order denying the defendants' January 7, 1998, motion for leave to amend to assert an additional affirmative defense of qualified immunity is **affirmed,** because Judge Zoss's ruling is neither clearly erroneous nor contrary to law. *See* FED.R.CIV.P. 72 (standard of review of magistrate judge's pre-trial, non-dispositive ruling).

**IT IS SO ORDERED.**